01
02
03
04
05

06              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
07                         AT SEATTLE

08  MERCEDES LOPEZ-PINEDA,          )  CASE NO. C07-0446-RSL-MAT
                                    )
09           Petitioner,             )
                                    )
10       v.                          )  REPORT AND RECOMMENDATION
                                    )
11  A. NEIL CLARK, et al.,           )
                                    )
12           Respondents.            )
    _____ )
13

14          I.    INTRODUCTION AND SUMMARY CONCLUSION

15       On April 4, 2007, petitioner Mercedes Lopez-Pineda filed a Petition for Writ of Habeas

16  Corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory detention pursuant to Section

17  236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), which mandates

18  detention without bond. (Dkt. #6). On April 10, 2007, petitioner filed a "Motion to Stay

19  Removal Until Such Time that the Petitioner Exhausts All Available Remedies Including Through

20  the Pendency of this Matter and Any Possible Appeal, & Petition for Review of the Administrative

21  Matter." (Dkt. #11). Respondents filed an opposition to petitioner's motion for stay of removal,

22  arguing that the Court lacks jurisdiction over petitioner's request for stay under the REAL ID Act

of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005) ("REAL ID Act"). (Dkt. #15).

Having carefully reviewed the entire record, I recommend that petitioner's motion for stay of removal, Dkt. #11, be DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador. (Dkt. #6 at 3). On or about March 20, 1993, he entered the United States at or near San Ysidro, California, without inspection. (Dkt. #6 at 4, Dkt. #11 at 7). On August 28, 2004, petitioner was convicted in the Superior Court of Washington for Lewis County of Unlawful Possession of a Controlled Substance, to wit: Methamphetamine. On November 11, 2004, ICE issued a Notice to Appear charging petitioner with removability under INA § 212(a)(6)(A)(i), for being present in the United States without being admitted or paroled, and under INA § 212(a)(2)(A)(i)(II), for having been convicted of a law relating to a controlled substance. (Dkt. #11, Ex. 1 at 5-7).

After a removal hearing, the Immigration Judge ("IJ") denied petitioner's request for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to El Salvador on June 22, 2006. (Dkt. #6 at 5-6). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who dismissed the appeal on September 15, 2006. (Dkt. #6 at 6).

On October 16, 2006, petitioner filed a Petition for Review with the Ninth Circuit Court of Appeals and a motion for stay of removal. *See Lopez-Pineda v. Gonzales*, No. 06-74895 (9th Cir.). The same day, the Ninth Circuit automatically temporarily granted petitioner's motion for stay of removal pursuant to General Order 6.4(c)(1)(3). On March 20, 2007, the Ninth Circuit

REPORT AND RECOMMENDATION
PAGE -2

dismissed petitioner's petition for review for lack of jurisdiction. *Id.*

On April 4, 2007, petitioner filed a Petition for Writ of Habeas Corpus, challenging his continued detention under INA § 236(c). (Dkt. #6). On April 10, 2007, petitioner filed this motion for stay of removal. (Dkt. #11).

## **DISCUSSION**

Petitioner asks this Court to grant a stay of removal "until such time that the Petitioner exhausts all available remedies including through the pendency of this matter and any possible appeal, & Petition for Review of the Administrative Matter." (Dkt. #11 at 1). Respondents oppose petitioner's motion, arguing that this Court lacks jurisdiction to grant petitioner's request for stay of removal under the REAL ID Act. (Dkt. #15).

In cases where a petitioner has requested a temporary stay of removal during the pendency of habeas proceedings, or for the duration of the proceedings on a petition for review, the standard of review is set forth in *Abbassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc)(concluding that § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Under *Abbassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. *Abbassi*, 143 F.3d at 514. "'These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.'" *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514). However, if the applicant shows no chance of success on the merits, the injunction should not issue. *Arcamuzi v. Continental Airlines*, Inc., 819 F.2d 935, 937 (9th Cir.

01  1987). The Court finds that petitioner meets neither prong of the *Abbassi* test, and that his

02  motion for stay of removal should be denied.

03  The REAL ID Act amended the Immigration and Nationality Act, eliminating federal

04  habeas corpus jurisdiction over final orders of removal. *See* Pub. L. No. 109-13, Div. B, 119 Stat.

05  231 (May 11, 2005). Under Section 106 of the Act, "a petition for review filed with an

06  appropriate court of appeals in accordance with this section shall be the sole and exclusive means

07  for judicial review of an order of removal entered or issued under any provision of [the

08  Immigration and Nationality Act]." 8 U.S.C. § 1252(a)(5). The REAL ID Act, however, did not

09  eliminate habeas corpus jurisdiction over challenges to detention that are independent of challenges

10  to final orders of removal. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By

11  its terms, the jurisdiction stripping provision [of the REAL ID Act] does not apply to federal

12  habeas corpus petitions that do not involve final orders of removal."). Because petitioner's habeas

13  petition challenges only his continued detention rather than his final order of removal, this Court

14  retains habeas jurisdiction under 28 U.S.C. § 2241.

15  Petitioner challenges his continued detention pursuant to INA § 236(c), which governs the

16  detention of aliens during removal proceedings. On March 20, 2007, however, the Ninth Circuit

17  dismissed petitioner's petition for review for lack of jurisdiction. Accordingly, the removal period

18  has commenced and petitioner is detained under INA § 241(a), 8 U.S.C. § 1231(a), not INA §

19  236(c).[1] Because petitioner's challenge to his detention is based on the erroneous conclusion that

20

---

21  [1] The removal period begins on the latest of the following:

22  (i) The date the order of removal becomes administratively final.
(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal</u>

REPORT AND RECOMMENDATION
PAGE -4

01  he is detained pursuant to INA § 236(c), the Court finds that petitioner has not shown a

02  probability of success on the merits in this case, or that serious legal questions have been raised

03  and the balance of hardships tips sharply in petitioner's favor.  *Abbassi*, 143 F.3d at 514.

04  Accordingly, petitioner's motion for a stay of removal should be denied.

## CONCLUSION

06  Based on the above analysis, I recommend that petitioner's motion for stay of removal,

07  Dkt. #11, be DENIED.  A proposed Order accompanies this Report and Recommendation.

08  DATED this 7th day of May, 2007.

Mary Alice Theiler
United States Magistrate Judge

---

of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement.").

REPORT AND RECOMMENDATION
PAGE -5