UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERCEDES LOPEZ-PINEDA, ) CASE NO. C07-0446-RSL-MAT
)
Petitioner, )
)
v. ) ORDER DENYING REQUEST FOR
) EXTENSION OF TIME
A. NEIL CLARK, et al., )
)
Respondents. )
_____ )

On March 26, 2007, petitioner Mercedes Lopez-Pineda, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory detention pursuant to Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), which governs the detention of certain aliens during removal proceedings. (Dkt. #6). On April 10, 2007, petitioner also filed a "Motion to Stay Removal Until Such Time that the Petitioner Exhausts All Available Remedies Including Through the Pendency of this Matter and Any Possible Appeal, & Petition for Review of the Administrative Matter." (Dkt. #11). On May 8, 2007, the undersigned Magistrate Judge issued a Report and Recommendation (Dkt. #17), recommending that the Court deny petitioner's motion for stay of removal. The Court concluded that because

ORDER DENYING REQUEST
FOR EXTENSION OF TIME
PAGE -1

the Ninth Circuit Court of Appeals had dismissed petitioner's Petition for Review for lack of jurisdiction on March 20, 2007, the ninety-day "removal period" commenced on that date, and petitioner is now detained pursuant to INA § 241. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii).[1] The Court further concluded that because petitioner's habeas petition is based on the erroneous conclusion that he is detained under INA § 236(c), petitioner had not shown either a probability of success on the merits in this case, or that serious legal questions have been raised and the balance of hardships tips sharply in petitioner's favor.

On May 9, 2007, respondents filed their Return Status Report ("RSR"), arguing that because the Ninth Circuit dismissed petitioner's Petition for Review on March 20, 2007, he is in the "removal period," and thus is lawfully detained under INA § 241, 8 U.S.C. § 1231, not INA § 236(c). (Dkt. #19). On May 29, 2007, petitioner filed the instant request for extension of time to file a response to respondents' RSR. (Dkt. #23).

It is therefore ORDERED:

(1) Petitioner's request for extension of time (Dkt. #23) is DENIED. As the Court

---

[1] The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.
(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B)(emphasis added); s   *ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement.").

previously found, the Ninth Circuit dismissed petitioner's Petition for Review on March 20, 2007, thereby commencing the removal period. During this removal period, the government must detain the alien until he or she is actually removed. *See* INA § 241(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Thus, there is no question that petitioner is detained under the authority of INA § 241(a) and is not entitled to relief from detention. Accordingly, the Court believes that petitioner's request for an extension of time is not warranted.

(2) The Clerk is directed to send a copy of this Order to petitioner, all counsel of record, and to the Honorable Robert S. Lasnik.

DATED this 31st day of May, 2007.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING REQUEST
FOR EXTENSION OF TIME
PAGE -3