UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MERCEDES LOPEZ-PINEDA, | ) | CASE NO. C07-0446-RSL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: § 2241 PETITION |
| A. NEIL CLARK, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

On March 26, 2007, petitioner Mercedes Lopez-Pineda, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory detention pursuant to Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), which mandates detention without bond. (Dkt. #6). On May 9, 2007, respondents filed a Return and Cross-Motion to Dismiss, arguing that because the Ninth Circuit dismissed petitioner's Petition for Review on March 20, 2007, he is in the "removal period," and thus is lawfully detained under the authority of INA § 241, 8 U.S.C. § 1231, not INA § 236(c). (Dkt. #19).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition,

REPORT AND RECOMMENDATION
RE: § 2241 PETITION
PAGE -1

Dkt. #6, be DENIED, and that respondents' cross-motion to dismiss, Dkt. #19, be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador. (Dkt. #6 at 3, Dkt. #22 at L3). On or about March 20, 1993, he entered the United States at or near San Ysidro, California, without inspection. (Dkt. #6 at 4, Dkt. #11 at 7, Dkt. #22 at R61). On August 28, 2002, petitioner was convicted in the Superior Court of Washington for Lewis County of Unlawful Possession of a Controlled Substance, to wit: Methamphetamine, and was ordered to pay restitution and sentenced to 45 days confinement and 24 months community custody. (Dkt. #22 at L54-61). On April 21, 2003, petitioner signed an Agreed Order Modifying Sentence for violating the terms of his judgement and sentence entered on August 28, 2002. (Dkt. #22 at L52-53). The Agreed Order required that petitioner appear for final disposition on December 4, 2003. *Id.* Petitioner failed to appear as ordered and a bench warrant was issued for his arrest. (Dkt. #22 at L50). On May 31, 2004, petitioner was arrested and taken into custody by the Lewis County Department of Corrections. (Dkt. #22 at R91). On June 30, 2004, petitioner pled guilty to Bail Jumping, and was ordered to pay restitution, and was sentenced to 12 months and 1 day confinement, to be served concurrently with his prior sentence. (Dkt. #22 at R100-07).

On or about November 9, 2004, the United States Immigration and Customs Enforcement ("ICE") issued a Notice to Appear charging petitioner with removability under INA § 212(a)(6)(A)(i), for being present in the United States without being admitted or paroled, and under INA § 212(a)(2)(A)(i)(II), for having been convicted of a law relating to a controlled substance. (Dkt. #22 at L20-22). After a removal hearing, the Immigration Judge ("IJ") denied petitioner's requests for asylum, withholding of removal, and withholding under Article III of the

01 Convention Against Torture, and ordered him removed to El Salvador on June 22, 2006. (Dkt.
02 #22 at L131-141). Petitioner waived appeal of the IJ's decision. (Dkt. #22 at L94). On July 24,
03 2006, petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who
04 dismissed the appeal on September 15, 2006, based on petitioner's waiver of his right to appeal.
05 (Dkt. #22 at L147, L161).

06 On October 16, 2006, petitioner filed a Petition for Review with the Ninth Circuit Court
07 of Appeals and requested a stay of removal. *See Lopez-Pineda v. Gonzales*, No. 06-74895 (9th
08 Cir.). Under Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal
09 to automatically issue. *Id.* On March 20, 2007, the Ninth Circuit dismissed petitioner's petition
10 for review for lack of jurisdiction. *Id.*

11 On March 26, 2007, petitioner filed the instant Petition for Writ of Habeas Corpus,
12 challenging his continued detention under INA § 236(c). (Dkt. #6). On April 10, 2007, petitioner
13 filed a "Motion to Stay Removal Until Such Time that the Petitioner Exhausts All Available
14 Remedies Including Through the Pendency of this Matter and Any Possible Appeal, & Petition for
15 Review of the Administrative Matter." (Dkt. #11). On May 8, 2007, the undersigned Magistrate
16 Judge issued a Report and Recommendation, recommending that the Court deny petitioner's
17 motion for stay of removal. (Dkt. #17). On May 9, 2007, respondents filed their Return and
18 Status Report ("RSR"). (Dkt. #19). On May 29, 2007, petitioner filed a request for extension
19 of time to file a response to respondents' RSR (Dkt. #23), which the Court denied. (Dkt. #25).

20 ### III. DISCUSSION

21 Petitioner challenges his continued detention pursuant to INA § 236(c), which governs the
22 detention of certain aliens during removal proceedings. On March 20, 2007, however, the Ninth

Circuit dismissed petitioner's Petition for Review for lack of jurisdiction. Accordingly, the "removal period" has commenced and petitioner is detained under INA § 241(a), 8 U.S.C. § 1231(a), not INA § 236(c).

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is statutorily required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). In *Zadvydas* the Supreme Court determined that, beyond those ninety days, the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.

Ct. 2491, 150 L. Ed. 2d 653 (2001). After the six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In the present case, the Ninth Circuit dismissed petitioner's Petition for Review on March 20, 2007, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period will expire on or about June 20, 2007, and the six month presumptively reasonable period will expire on or about September 20, 2007. Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' cross-motion to dismiss be granted, Dkt. #19, and that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 31st day of May, 2007.

Mary Alice Theiler
United States Magistrate Judge